

**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
100 F STREET, NE
WASHINGTON, D.C. 20549-6030**

MICHAEL J. ROESSNER
ASSISTANT CHIEF LITIGATION COUNSEL
MAIL STOP 5631
DIRECT DIAL: (202) 551-4347
FACSIMILE: (703) 813-9366
ROESSNERM@SEC.GOV

**DIVISION OF
ENFORCEMENT**

January 14, 2016

Honorable Katherine B. Forrest
United States District Court Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

RE:    *SEC v. Elliott*, et al., 09-cv-07594-KBF-THK

Dear Judge Forrest:

     The United States Securities and Exchange Commission ("Commission") writes in response to Michael J. Xirinachs' January 13, 2016 letter.

     The 30 Baycrest Avenue, Huntington Bay, New York property ("Subject Property") is owned by 30 Bay Crest Holdings, LLC. Michael Xirinachs' personal creditors' claims and/or liens do not attach to his interest in the Subject Property, and are nothing more than his personal debts. Liens that have not attached to the Subject Property naturally do not have priority over the Commission's lien, and should not be paid from the proceeds of the sale. Xirinachs' assertion that liens that have not attached to the Subject Property should be satisfied from the sale proceeds is contrary to the October 2, 2015 agreement ("Agreement"), and real property law. Priority as a lienor is determined by the common law rule of "first in time is the first in right." *United States v. City of New Britain*, 347 U.S. 81, 87-88, 74 S.Ct. 367, 371-372, 98 L.Ed. 520 (1954). Xirinachs' personal creditors' liens and/or claims have no right to the proceeds from the sale of Subject Property, because they have not been filed against the Subject Property.

     This is not Xirinachs' first attempt to secure the payment of his personal creditors from the anticipated proceeds of the sale of the Subject Property, however. On September 30, 2015, Xirinachs' counsel wrote the Court and attached a Stipulated Entry of Consent, which provided, among other items, for the sale of the Subject Property as follows:

> that the proceeds from the sale of the real property located at 30 Baycrest Avenue, Huntington Bay, Suffolk County, New York 11743 (Dist. 0402, Section, 003.00, Block 01.00, Lot 026.00) (less deductions for costs, mortgages, reasonable sale expenses, **and any liens and/or judgments existing as of the date of closing of title which liens and/or judgments – whether or not against the property, the individual or an entity in which the individual is a part –** must be satisfied as a condition precedent to providing clear and the tender of a deed to the premises), shall be turned over by Xirinachs or his agent to the Commission for application

to satisfy this Second Amended Judgment within 10 days of the closing of the sale of said property." (Emphasis added). (Dkt. No. 196, a copy of the September 30, 2015 letter is attached for the Court's convenience as Exhibit A).

At the hearing on October 2, 2015, counsel for the Commission referenced Xirinachs' September 30, 2015 letter and emphatically stated that the Commission rejected Xirinachs' request to use the proceeds from the sale of the Subject Property to pay his personal expenses. (Tr. at P. 19, L. 10-13). Xirinachs' counsel clearly understood the Commission's position. Moreover, the Court inquired about a lien held by Ira Sorkin, and counsel for the Commission clarified that "if there is a lien *on the property* from Mr. Sorkin, that would be paid first on time, first in right." Xirinachs' counsel asserted that Sorkin's lien did not attach to either of these properties. (Tr. at P. 19, L. 18 - P. 20, L. 9).

The Commission again rejected Xirinachs' request to add the contested language to the proposed Order on the Contempt motion. Counsel for the Commission discussed this precise point with Xirinachs' counsel of record in this matter, and Xirinachs' real estate attorney, at the time the proposed Order was drafted and submitted to the Court. (Dkt. No. 198).[1] Nevertheless, Xirinachs is trying yet again to secure the payment of his personal expenses to the detriment of the Commission. Xirinachs' most recent letter to the Court is disingenuous and arises from a contorted misreading of the hearing transcript.

In light of the foregoing, the Commission respectfully requests that this Court order (again) that the proceeds of the sale of the Subject Property be used to satisfy only the *bona fide* liens attached to the Subject Property. A portion of a title report for the Subject Property is attached hereto as Exhibit B and reflects that no personal judgments or liens against Michael J. Xirinachs have attached to the Subject Property. Consequently, Xirinachs' request to secure personal benefits from the sale of the Subject Property should be denied.

.

---

[1] The Order entered by the Court provides for the payment of "bona fide liens," but does not define "bona fide liens" to mean "any judgment or lien recorded against Xirinachs and/or the Property prior to the time of the recording of the judgment against Xirinachs by the SEC."

Please contact me if you need any additional information.

                    Very truly yours,

                    s/Michael J. Roessner

                    Michael J. Roessner
                    Assistant Chief Litigation Counsel

cc:    Matthew Levine, Counsel for Michael J. Xirinachs and Sandra Orofino (via email)
        Leslie Barr, Counsel for the Liquidation Agent (via email)